UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARIO CRUMP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:14 CV 1975 RWS |
| | ) | |
| MATTHEW E. BOESTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Mario Crump brought this suit alleging violations of his civil rights, Missouri state law, and

the Americans with Disabilities Act arising from an incident with St. Louis Metropolitan Police

officers. Police Chief Samuel Dotson and Mayor Francis G. Slay move to dismiss the claims

against them in their official capacities because the claims are redundant of the claims brought

against the City of St. Louis. The St. Louis Metropolitan Police Department (SLMPD) moves to

dismiss the claims against it because the police department as an administrative arm of the City is

not a suable entity. After careful consideration, I will grant the motion to dismiss Dotson, Slay, and

the SLMPD from this case.

**I.      Standard of Review**

When ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, I am required to accept the

complaint's factual allegations as true and to construe them liberally in the light most favorable to

the plaintiff.   In essence, this mandates that a complaint should not be dismissed for failure to state

a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief. Midwestern Machinery, Inc. v. Northwest Airlines, 167

F.3d 439, 441 (8th Cir. 1999); Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  An action fails to state

a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief

that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formalistic recitation of elements of a cause of action will not do." Id. (internal quotations omitted). To survive a motion to dismiss a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 555.

## II.    Background

This case was originally filed in the Circuit Court of the City of St. Louis, Missouri on October 27, 2014. In the complaint, Crump claims that he was unlawfully assaulted and battered by SLMPD officers; that the officers then conspired to unlawfully arrest Crump and to falsify statements to cover up their actions; that he was maliciously prosecuted on those charges; and that these actions were caused by the problematic policies or customs of the City of St. Louis and SLMPD. Crump also alleges that defendants violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, because he suffers from major depressive disorder, a disability covered by Title II of the ADA, and defendants discriminated against him on the basis of his disability during the events in question.

The complaint alleges the following facts which in consideration of a motion to dismiss are taken as true. On the evening of March 21, 2014, Crump was at home with his wife. Crump had recently been discharged from the psychiatric ward, and his wife became concerned that he was behaving strangely. Ms. Crump called 911 for assistance and told the dispatcher that Crump might need to go back to the psychiatric ward. SLMPD Officers Boester and Schaffer responded to the call, and found Crump in an unconscious or semiconscious condition. Ms. Crump told the officers about Crump's mental state. When Crump was unresponsive to the officers' questions, the officers allegedly assaulted and battered him, causing injuries to his hands and face. Following the altercation, Defendant Doe, who was acting as Boester and Schaffer's supervisor, arrived at

Crump's home.  Crump was then taken into custody and transported to Barnes Hospital for treatment of his injuries.  Later, Crump was charged with Assault on a Law Enforcement Officer in the Second and Third Degrees and Resisting Arrest.  Crump was held in jail until March 31, 2014, when he was released on bond.

The defendants named in the complaint are SLMPD Officers Matthew Boester, Gregory Schaffer, and John Doe; Samuel Dotson, in his official capacity as Chief of Police of the SLMPD; Francis Slay, in his official capacity as Mayor of the City of St. Louis; and the City of St. Louis ("the City").

On November 26, 2014, defendants removed this case from the Missouri state court to this Court.  On the same date, defendants Dotson, Slay, and SLMPD filed the instant motion to dismiss.

## III.    Discussion

### A.  Crump's Claims against Dotson and Slay are Redundant

Suits under 28 U.S.C. § 1983 against a state official in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n. 55 (1978)).  For that reason, it is proper for a court to dismiss a claim against a government officer in his official capacity if it is redundant of a claim asserted against the governmental entity.  Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010).

Moving defendants argue that since Crump has asserted the same claims against the City of St. Louis that he has asserted against Dotson and Slay, and since Dotson and Slay are both government officers of the city, the claims are redundant and should be dismissed.  Crump argues that the claims against Dotson are not redundant because the City only admits that Dotson was "Chief of Police for SLMPD" and that he had "limited authority to promulgate some rules and

regulations for those under his authority." However, the City has admitted that at all times relevant it operated and maintained the SLMPD, that SLMPD was a department of the City, and that Dotson was the Chief of Police. As Chief of Police, Dotson is, by any reasonable definition, an officer of the City of St. Louis.

Crump also appears to argue that his claims against Slay are not redundant because, in addition to being Mayor, Slay is a final policymaker in his role as a member of the Board of Police Commissioners. This argument, however, fails. While Crump does state in the complaint that Slay is a final policymaker for the SLMPD, he never alleges that this policymaking authority derives from Slay's membership in the Board of Police Commissioners. In fact, the Board of Police Commissioners is never mentioned in the complaint. Additionally, the only capacity in which Crump names Slay as a defendant is in his official capacity as Mayor. Under Fed.R.Civ.P. 12(d), when matters outside the pleadings are presented on a motion to dismiss, the court may either treat the motion as one for summary judgment and provide the parties with an opportunity to provide additional materials, or treat it as one to dismiss and exclude the matters outside the pleadings. See Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992). Generally, a court "must ignore materials outside the pleadings" unless they are part of the public record, do not contradict the complaint, or are necessarily embraced by the pleadings. Smithrud v. City of St. Paul, 746 F.3d 391, 395 (8th Cir. 2014).

Here, Crump never alleges that Slay's membership in the Board of Police Commissioners is a basis for liability in the complaint. It was Crump's decision not to name Slay or any other member of the Board of Police Commissioners. It would be imprudent for me to construe his complaint as bringing a claim when he chose not to do so. Any argument regarding Slay's membership in the Board of Police Commissioners is outside of the pleadings and I decline to consider it.

Crump also argues that his complaint should be construed as bringing claims against Dotson and Slay in their individual capacities as well as their official capacities. In order to sue a public official in his individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise it will be construed that the defendant is sued only in his official capacity. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). Here, there are no clear statements that Dotson and Slay are being sued in their individual capacities. In fact, the complaint expressly states that Dotson and Slay are sued "in their official capacities only." [Doc. #1, Ex. C, p. 6]. Crump attempts to cure this defect by stating that he will seek leave to amend the complaint to more clearly state claims against Dotson and Slay in their individual capacities. But Crump's representation that he will seek leave to amend the complaint does not cure the defects in the complaint. As a result, I will only consider the official capacity claims, which were brought against Dotson and Slay in the complaint. See Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992).

Because Crump only brings claims against Dotson and Slay in their official capacities, and because these claims are redundant of the claims brought against the City of St. Louis, I will dismiss defendants Dotson and Slay from this case.

### B. SLMPD is not a Suable Entity

In the complaint, Crump claims that the St. Louis Metropolitan Police Department is vicariously liable for the torts allegedly committed by the named officers. Crump also charges SLMPD with violating the Americans with Disabilities Act. The moving defendants argue that the claims against SLMPD should be dismissed because SLMPD is not a suable entity. Moving defendants are correct. It is well-established that the SLMPD is not a suable entity. See Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir.1992) (departments or subdivisions of local government are "not juridical entities suable as such."); Jordan v. Kansas City, 929 S.W.2d

882, 887–88 (Mo.Ct.App.1996) ("Where a department of a City is not a legislatively-created entity, but rather is an administrative arm of the City, it lacks a legal identity apart from the City and is therefore not a suable entity unto itself."); See also Williams v. St. Louis Metro. Police Dep't, 2009 WL 2245160, at *2 (E.D. Mo. July 27, 2009) ("According to Missouri law, the Board of Police Commissioners and the St. Louis Metropolitan Police Department are not suable entities, and therefore, neither is a proper party defendant in this action."); Edwards v. Baer, 863 F.2d 606, 609 (8th Cir. 1988) ("Jurisdiction can only be obtained by suing [the Board of Police Commissioners'] individual members") (internal citations omitted).  As a result, Crump can prove no set of facts in support of his claim that would entitle him to relief and Crump's claims against the SLMPD will be dismissed.

The parties argue about whether respondeat superior is a proper basis for establishing SLMPD liability.[1]  But because it is established that SLMPD is not a suable entity, I will not address the merits of this argument.

Crump argues that the SLMPD is a proper defendant for his Americans with Disabilities Act claim because Title II of the statute prohibits public entities from discriminating in the provision of services, programs, or activities.  42 U.S.C. § 12132.  Under the ADA, "public entity" is defined as "any state or local government" or "any department, agency, special purpose district, or other instrumentality of a State or State's local government."  42 U.S.C. § 12313(1)(A)(B).  Crump cites to Gorman v. Bartch, 152 F.3d 907, 912 (8th Cir. 1998), for the proposition that a local police department is a "public entity" under the ADA.  In Gorman, however, the plaintiff sued the proper defendants under Missouri's operating scheme - the individual members of the Board of Police Commissioners.  Id. at 909, 912.  See also Edwards v. Baer, 863 F.2d 606, 609 (8th Cir. 1988).

---

[1] Moving defendants spend much time arguing that respondeat superior is not a proper basis for liability for a § 1983 claim.  In the complaint, however, Plaintiff does not seek to impose respondeat superior liability on SLMPD for either of its § 1983 claims.  Rather, Plaintiff seeks to establish respondeat superior liability only for its state law tort claims.

When the Eighth Circuit Court of Appeals was referring to the "police department," it was referring to the members of the Board of Police Commissioners. The fact that the ADA provides for suit to be brought against a police department does not change the fact that in Missouri, the proper defendant for claims against the police department is not the SLMPD, but rather, the individual members of the Board of Police Commissioners. See id.

**Conclusion**

For the reasons stated above, I find that Crump has failed to state a claim upon which relief can be granted in respect to his claims against moving defendants Dotson, Slay, and SLMPD.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Samuel Dotson, Francis G. Slay, and St. Louis Metropolitan Police Department's Motion to Dismiss for Failure to State a Claim #[7] is **GRANTED**. Defendants Doston, Slay, and St. Louis Metropolitan Police Department are **DISMISSED** without prejudice from this case.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 15th day of January, 2015.