UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARIO CRUMP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 4:14-CV-01975-RWS |
| v. ) | |
| ) | |
| MATTHEW E. BOESTER, et al. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND SANCTIONS**

COMES NOW Plaintiff, by and through his attorneys, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and for his Motion for Protective Order and Sanctions, states:

1. That Plaintiff has asserted that his mental health records are privileged from disclosure by the doctor-patient and/or therapist-patient privileges and that those records are not discoverable as they are not relevant to any issue in this case. (*Exhibit 2, Plaintiff's Response to Defs' Request for Prod.*, No. 9, citing *State ex rel. Laurie Dean v. Cunningham*, 182 S.W3d 561 (Mo. banc 2006); *Bogan v. General Motors Corporation*, 500 F.3d 828 (8th Cir. 2007).

2. That on August 20, 2015, this Court entered its Oder on Defendant's Motion to Compel production of Plaintiff's past psychiatric records and ordered that Plaintiff provide counsel with medical authorizations consistent with the Court's Order as stated on the record. (*Exhibit 3, Order*).

3. That it is undisputed that Plaintiff's mental health records are protected from unauthorized disclosure by the Health Information Portability and Accountability Act ("HIPAA.").

4. That following the hearing on Defendants' Motion to Compel, counsel for Defendants sent Plaintiff's counsel proposed HIPAA authorizations for the release of Plaintiff's

1

medical and mental health records, including a release of records of Plaintiff's past treatment for psychiatric illness at Barnes Hospital for the period of March 2011 through March 2014. *(Exhibit 4, Email and attachments.)*

5. That after agreed upon changes were made to these authorizations, Plaintiff provided defense counsel with a signed authorization allowing for disclosure of his records of psychiatric treatment at Barnes Hospital for the period of March 2011 through March 2014. *(Exhibit 5, Authorization).*

6. That on or after September 21, 2015, due to an error by a Barnes Hospital employee, records which were outside the scope of the authorization were produced to Defendants' attorneys at the Office of the City Counselor. The records released in error were records of psychiatric treatment for the period of April 2014 through present. *(Exhibit 1, Affidavit of J. Hardester, Director of Legal Services for BJH HealthCare).*

7. That on September 24, 2015, upon learning that the records had been inadvertently produced, Jennifer Hardester, legal counsel for Barnes Hospital, took immediate action to remedy the unauthorized disclosure by contacting the Defendants' attorneys and procuring their agreement to return of the inadvertently produced records. *(Exhibit 1, Hardester Affidavit).*

8. That on the same day, Ms. Hardester sent an email to defense counsel confirming that the City Counselor's Office would not copy or use the inadvertently produced records. That Plaintiff's counsel was copied on that email. *(Attachment to Exhibit 1, Hardester Affidavit.)*

9. That on September 24, 2015, at the request of Barnes Hospital, counsel for Defendants' returned the inadvertently produced records to Barnes Hospital. *(Exhibit 1, Hardester Affidavit).*

10. That at no time did counsel contact Barnes or Plaintiff's counsel to advise that they had reviewed or retained copies of the mental health records produced in error and in violation of HIPAA. *(Exhibit 1, Hardester Affidavit).*

11. That two weeks following the return of the inadvertently produced records, defense counsel served upon Plaintiff a Second Request for Production, which included a request for an authorization for the release of the same psychiatric records that had been previously produced in error an in violation of HIPAA. *(Exhibit 6, Defendants' Second Request for Production).*

12. That Defendants' counsel have since admitted that they copied and retained the records which were produced in error and in violation of HIPAA. *(Exhibit 8, October 26, 2015 email).*

13. That Defendants' actions were in bad faith, in violation of the letter and spirt of Rule 26 of the Federal Rules of Civil Procedure, and in knowing contravention of Barnes Hospital's attempt to cure a violation of HIPAA.

14. That on November 5, 2015, Plaintiff's counsel attempted to confer with opposing counsel, but in light of their response, as well as the conduct at issue herein, Plaintiff's counsel maintains that it this matter must be addressed by the Court. *(Exhibit 9, Nov. 5, 2015 email; Exhibit 10 response email).*

15. That Rule 26(c) provides that this Court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression or undue burden or expense by forbidding disclosure or discovery, forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters. Rule 26(c) Fed.R.Civ.Pro.

16. That Plaintiff moves that this Court enter a protective order requiring defense counsel to destroy all inadvertently produced records and all notes made from those records;

prohibiting Defendants from using information in those records in the defense of this suit; and prohibiting Defendants' attempts to now obtain these records in discovery.

17. "It is well settled that the courts have inherent authority to impose sanctions on a party and attorney for bad faith conduct during the course of litigation." *Mann v. University of Cincinnati*, 114 F.3d 1188, *5 (6th Cir. 1997) (citing *Chambers v. NASO, Inc.*, 501 U.S. 32, 43-50 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765-66 (1980); *Ray A. Scharer & Co. v. Plabell Rubber Prods., Inc.* 858 F.2d 317, 320-21 (6th Cir. 1988); and *Shimman v. International Union of Operating Engineers, Local 18*, 744 F.2d 1226, 1230 (6th Cir. 1984).

18. That given the seriousness of defense counsel's actions and their disregard of the rules of procedure and conduct, sanctions are not only warranted but necessary to prevent continued oppressive and bad faith conduct by Defendants. See *Mann v. University of Cincinnati*, 152 F.R.D. 119, 126-27 (S.D.Oh. 1993).

19. That Plaintiff additionally moves that this Court exercise its inherent authority to sanction Defendants and their counsel, that the Court admonish defense counsel, and that the Court impose such other sanctions as the Court deems just and proper under the circumstances.

WHEREFORE, Plaintiff respectfully moves this Honorable Court for its Order granting Plaintiff's Motion for Protective Order and Sanctions and for such further relief as the Court deems just and proper.

4

Respectfully submitted,

GROVES POWERS, LLC.

/s/ Linda C. Powers
Linda C. Powers, #48797MO
Steven L. Groves, #40837MO
1310 Papin Street, Suite 108
St. Louis, MO 63103
(314) 696-2300
(314) 696-2304 (fax)
lpowers@grovespowers.com
sgroves@grovespowers.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court this 16th day of November, 2015, to be served via e-mail upon the following:

Thomas R. McDonnell
Erin K. McGowan
1200 Market Street, Room 314
City Hall
St. Louis, MO 63103
mcdonnellt@stlouis-mo.gov
McGowanE@stlouis-mo.gov

/s/ Linda C. Powers