UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARIO CRUMP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:14 CV 1975 RWS |
| | ) | |
| MATTHEW E. BOESTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This excessive force case is before me on plaintiff Mario Crump's Motion for Leave to Amend Complaint and Add Additional Parties. Defendants oppose plaintiff's motion in most part. On December 7, 2015, I heard oral argument on this motion. For the reasons stated on the record during the motion hearing and for the reasons that follow, I will grant in part and deny in part plaintiff's motion.

## Background

Plaintiff brought this suit pursuant to 42 U.S.C. § 1983 alleging that certain St. Louis Metropolitan Police (SLMPD) officers violated his federal civil rights and Missouri state law by using excessive force against him and unlawfully arresting and detaining him, and alleging that the City of St. Louis has failed to instruct, supervise, control and discipline its officers.

The complaint alleges the following facts. On the evening of March 21, 2014, plaintiff was at home with his wife. Plaintiff had recently been discharged from the psychiatric ward, and his wife became concerned that he was behaving strangely. Plaintiff's wife called 911 for assistance and told the dispatcher that plaintiff might need to go back to the psychiatric ward. SLMPD Officers Boester and Schaffer responded to the call and found plaintiff in an

unconscious or semiconscious condition. Plaintiff's wife told the officers about plaintiff's

mental state. When plaintiff was unresponsive to the officers' questions, the officers allegedly

assaulted and battered him, causing injuries to his hands and face. Following the altercation,

Defendant Doe, who was acting as Boester and Schaffer's supervisor, arrived at plaintiff's home.

Plaintiff was then taken into custody and transported to Barnes Hospital for treatment of his

injuries. Later, plaintiff was charged with Assault on a Law Enforcement Officer in the Second

and Third Degrees and Resisting Arrest. Plaintiff was held in jail until March 31, 2014, when he

was released on bond.

Originally, in addition to the individual officers and the City of St. Louis, plaintiff named

Mayor Francis G. Slay and Police Chief Samuel Dotson as defendants in their official capacities.

On January 15, 2015, I granted defendants Slay and Dotson's motion to dismiss the claims

against them because the claims were redundant of the claims brought against the City of St.

Louis.

Plaintiff now moves to add Slay back in the case in his official capacity as Mayor and in

his official capacity as a SLMPD board member, to add Dotson back in the case in his official

capacity and in an individual capacity, to add as defendants the individual board members of the

City of St. Louis Board of Police Commissioners (SLMPD Board), and to name Patrick Crowley

as defendant, substituting him for Defendant Doe.

### Discussion

Leave to amend is to be freely granted under Federal Rule of Civil Procedure 15(a), and

"should normally be granted absent good reason for a denial." Popp Telcom v. Am. Sharecom,

Inc., 210 F.3d 928, 943 (8th Cir. 2000). "The classic 'good reasons' for rejecting an amendment

are: 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment . . . .'" Id. The decision of whether to grant leave to amend is within the court's discretion. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971).

Here, none of the classic "good reasons" for rejecting plaintiff's proposed amendments are present. Rather, good reason exists to allow plaintiff to amend the complaint, at least in part.

Plaintiff seeks to add the individual SLMPD board members as defendants. It is well-established that, for causes of action accruing prior to September 1, 2013, the individual members of the St. Louis City Board of Police Commissioners are the proper defendants for claims that the SLMPD had unconstitutional policies and customs.[1] Edwards v. Baer, 863 F.2d 606, 609 (8th Cir. 1988). On September 1, 2013, however, the City of St. Louis took local control of SLMPD, and it expressly assumed "responsibility, ownership and liability as successor-in-interest for contractual obligations, indebtedness, and other lawful obligations" of the Board. St. Louis City, Mo., Ordinance 69489 (2013); see also MO. REV. STAT. § 84.344.4. Despite the express assumption of liability for the SLMPD, the City of St. Louis argues that it is not responsible for constitutional violations committed by SLMPD prior to September 2013, including, as relevant here, liability for plaintiff's custom and practice claim. Yet, the City also argues that SLMPD cannot be liable for any of plaintiff's claims because SLMPD did not employ or control the officers at the time the alleged misconduct occurred (which was after the City assumed control of SLMPD).

The City's argument must fail. If the City is not liable for customs and practices that were established prior to September 2013 under SLMPD's control, even when they are alleged to have caused the specific unlawful conduct occurring after the City assumed control, and yet

---

[1] Before September 2013, the SLMPD Board was the entity responsible for the oversight of the SLMPD. See § MO. REV. STAT. 84.010.

SLMPD has no liability because it transferred control to the City on September 1, 2013, then it would be impossible for any plaintiff to establish a constitutional violation based on an unlawful custom or practice during this period of time. Such a result would unconstitutionally limit liability for custom and practice claims and is offensive to the notions of justice, fairness, and due process. While it is not yet clear which entity, the SLMPD or the City, would ultimately be liable for such a custom and practice claim, I need not make that determination now to rule on plaintiff's motion.[2] Rather, at this time, I will allow plaintiff to add as defendants the individual Board Members because there is good reason to believe that they may be liable, at least in part, for plaintiff's custom and practice claim. To rule otherwise could prejudice plaintiff if it is later determined that the SLMPD Board Members are liable for such a violation.

Plaintiff also seeks to add Mayor Slay as a defendant in his official capacity as Mayor (in addition to naming him in his official capacity as Board Member, which position he held by virtue of being Mayor) and Police Chief Dotson in his official capacity. Plaintiff alleges that Slay and Dotson, in these roles, were final policymakers for the SLMPD. Plaintiff also alleges that prior to September 2013, the Board had authority to control the conduct of SLMPD, and after September 2013, the City had that authority, and that each entity delegated this authority to Chief Dotson. However, for the same reasons I stated when I granted defendants Slay and Dotson's motion to dismiss earlier in this case, and with the inclusion of the Board Members as defendants, plaintiff's claims against Slay as Mayor and Dotson as Chief of Police are redundant of plaintiff's claims against the Board Members and the City of St. Louis. As a result, I will deny plaintiff's motion in this respect.[3]

---

[2] Neither the parties nor I am aware of any caselaw directly addressing this issue.
[3] Suits under 28 U.S.C. § 1983 against a state official in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n. 55 (1978)). For that reason,

Finally, plaintiff seeks to substitute Patrick Crowley for Defendant Doe, and to add Police Chief Dotson in his individual capacity. Defendants do not oppose this portion of the motion, and I find that good cause exists to allow plaintiff to add as defendants Crowley and Dotson in his individual capacity. As a result, I will grant plaintiff's motion in this respect.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion For Leave to Amend Complaint and Add Additional Parties #[64] is **GRANTED** in part and **DENIED** in part. Plaintiff's motion is granted with respect to plaintiff's request to add as defendants the individual members of the St. Louis City Board of Police Commissioners, including Mayor Francis Slay in his official capacity as a Board Member; Police Chief Samuel Dotson in his individual capacity; and plaintiff may substitute Patrick Crowley for Officer Doe. Plaintiff's motion is denied with respect to plaintiff's request to add Mayor Slay in his official capacity as Mayor and Police Chief Dotson in his official capacity. Plaintiff shall file the amended complaint **no later than December 31, 2015**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of December, 2015.

---

it is proper for a court to dismiss a claim against a government officer in his official capacity if it is redundant of a claim asserted against the governmental entity. Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010).