UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MARIO CRUMP, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | No. 4:14 CV 1975 RWS |
|  | ) |  |
| MATTHEW E. BOESTER, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

# **MEMORANDUM AND ORDER**

Defendants Thomas Irwin, Bettye Battle-Turner, Richard Gray, Erwin Switzer, and Mayor Francis G. Slay (the Board Defendants) and Defendant Samuel Dotson filed motions to dismiss Plaintiff Mario Crump's claims against them. Crump moved for an extension of time and leave to conduct additional discovery before responding to the Board Defendants' and Dotson's motions. I will deny Crump's motions and order that briefing on the motions to dismiss proceed.

Crump filed his First Amended Complaint on December 30, 2015, alleging, among other things, that Dotson and the Board Defendants are liable for damages because the St. Louis Metropolitan Police Department (SLMPD), under the control of Dotson, Mayor Slay, the City of St. Louis, and/or the Board Defendants "failed on a continuing basis to train, instruct, supervise, control and discipline" SLMPD officers, including the SLMPD officer defendants in this case, and that "said

failure was a result of official policy or the custom and practice" of the SLMPD and "caused the deprivation of Plaintiff's rights secured by the Constitution, the laws of the United States, and the laws of the State of Missouri."

Dotson moved to dismiss Crump's claims against him under Federal Rule of Civil Procedure 12(b)(6), arguing Dotson is entitled to qualified immunity because Crump failed to allege that Dotson, through his own individual actions, violated clearly established statutory or constitutional rights. The Board Defendants also moved to dismiss Crump's claims against them under Rule 12(b)(6), arguing Crump failed to plead sufficient facts to state a plausible claim for municipal liability against them. Crump moved for an extension of time and leave to conduct discovery before responding to both motions. Crump asks that he be allowed to depose Dotson, the Commander of Internal Affairs for the SLMPD, and Mayor Slay; request additional responses to his Request for Production; and serve the Board Defendants with written discovery requests and requests for admissions so he can "adequately respond" to the motions to dismiss and amend his complaint.

Crump has failed to persuade me that he should be allowed to conduct this discovery before responding to the motions to dismiss. Insofar as he argues that Defendants deny some of his allegations and put forward a different version of the facts, I remind Crump that at the motion to dismiss stage, I must accept as true all factual allegations in the complaint and view them in the light most favorable to

him. Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993). The federal rules do not require "detailed factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Crump has provided no authority suggesting he could survive a motion to dismiss by supplementing the allegations in his complaint with additional evidence in his opposition briefs or should be allowed an extension of time before responding to a motion to dismiss to conduct discovery so he can amend his complaint to cure any deficiencies. See Kaylor v. Fields, 661 F.2d 1177, 1184 (8th Cir. 1981) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Mario Crump's Motion to Allow Discovery Necessary to Respond to Defendant Dotson's Motion to Dismiss and for Continued Extension of Time to Respond to Defendant's Motion #[112] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Mario Crump's Motion to Allow Discovery Necessary to Respond to Board Defendants' Motion to Dismiss

3

and for Continued Extension of Time to Respond to Defendants' Motion #[115] is **DENIED**.

**IT IS FURTHER ORDERED** that Briefing on Defendant Dotson's Motion to Dismiss #[104] and Board Defendants' Motion to Dismiss #[108] will proceed as follows: Plaintiff's opposition briefs shall be filed no later than **April 1, 2016**. Any reply briefs may be filed no later than **April 13, 2016**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 21st day of March, 2016.