UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARIO CRUMP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14 CV 1975 RWS |
| | ) | |
| MATTHEW E. BOESTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Mario Crump brings claims stemming from an alleged use of excessive force by two St. Louis Metropolitan Police Department (SLMPD) officers. Defendants SLMPD Chief of Police Samuel Dotson and the members of the St. Louis City Board of Police Commissioners—Mayor Francis Slay, Richard Gray, Bettye Battle-Turner, Thomas Irwin, and Erwin Switzer (the Board Defendants)—move to dismiss Crump's claim against them for failure to instruct, supervise, control, and discipline SLMPD officers. After carefully reviewing the allegations in Crump's First Amended Complaint and the parties' arguments for and against dismissal, I conclude Crump has failed to state a claim against these defendants. As a result, I will grant both motions to dismiss.

## LEGAL STANDARD

In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Hager v. Ark. Dep't of Health, 735 F.3d 1009, 1013 (8th Cir. 2013). Under the federal rules, a plaintiff need not provide "'detailed factual allegations,'" but must provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" "[n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). "Courts must not presume the truth of legal conclusions couched as factual allegations." Hager, 735 F.3d at 1013. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

## BACKGROUND

In his First Amended Complaint, Crump alleges that on March 21, 2014, SLMPD Officers Matthew Boester and Gregory Schaffer used excessive force against him without provocation, causing him serious physical and mental injuries. Crump alleges that Boester and Schaffer knowingly made false statements to cause

2

false charges to issue against Crump to hide their misconduct and that other officers who responded to the scene failed to report the incident to Internal Affairs or commanding officers of the SLMPD. He also alleges that Dotson, as Chief of Police, had final authority with respect to Boester and Schaffer's discipline and, having notice of their unconstitutional actions, failed to investigate or discipline them, thereby tacitly authorizing and ratifying their conduct.

Crump brings eight claims: (1) excessive force; (2) unlawful arrest and detention; (3) conspiracy to violate his civil rights; (4) assault; (5) battery; (6) false arrest and imprisonment; (7) malicious prosecution; and, (8) failure to instruct, supervise, control, and discipline. Crump only names Dotson and the Board Defendants in Count VIII for failure to instruct, supervise, control, and discipline.[1]

In Count VIII, Crump alleges that prior to and at the time of his alleged deprivation of rights, the SLMPD had a number of unconstitutional customs and practices that were so continual, widespread, and pervasive as to constitute SLMPD policy. He alleges those practices included the following: using excessive force; issuing false charges to justify excessive force and protect officers from liability; hiding officer misconduct by failing to report it and by making false

---

[1] The Board Defendants only move to dismiss the claim against them in Count VIII, presumably because Crump identified specific defendants in each count and only named the Board Defendants in Count VIII. In his response to their Motion to Dismiss, Crump argues the Board Defendants can be held vicariously liable on his state law tort claims. But while Crump names the Board Defendants in Count VIII, he does not name them in his Missouri state law tort claims, instead stating those claims are against Defendants Boester, Schaffer, Crowley, SLMPD, and/or the City of St. Louis. I remind Crump that SLMPD has been dismissed from this suit.

3

statements in police reports; failing to adequately investigate and remedy officer misconduct; failing to adopt an independent investigation and review board to investigate officer misconduct; making official statements to the media that portray citizens against whom officers have applied excessive force in a negative and false light in order to justify the misconduct and protect the officers from liability; and, discriminating against citizens who suffer from mental illness by using excessive force without regard to its legality or available alternatives to the use of such force. Crump alleges that Dotson, the City, and/or the Board Defendants served as the final policymakers for the SLMPD and, in the face of this pattern of misconduct of which they knew or should have known, failed to take action or properly train, supervise, discipline, or otherwise control SLMPD officers, thereby tacitly authorizing or ratifying this misconduct or demonstrating a deliberate indifference to the risk of constitutional violations of which they knew or should have known.

Dotson and the Board Defendants now move to dismiss, arguing Crump has failed to state a claim against them. See Fed. R. Civ. P. 12(b)(6).

## THE BOARD DEFENDANTS

While municipalities cannot be held liable for their employees' constitutional violations on a respondeat superior theory, section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately

4

indifferent failure to train or supervise.  City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690–91 (1978). Crump argues that he has alleged a plausible claim for municipal liability under all three theories of liability.

### Official Policy

In the context of a municipal liability claim, a "policy" and a "custom" are distinct concepts. "[A] 'policy' is an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters," while a custom can be shown through evidence of the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees." Mettler v. Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999). "For a municipality to be liable, a plaintiff must prove that a municipal policy or custom was the 'moving force [behind] the constitutional violation.'" Id. (quoting Monell, 436 U.S. at 694). Crump does not identify an official policy that led to his injury, but he cites Crumpley-Patterson v. Trinity Lutheran Hospital for the proposition that a plaintiff "need not, however, specifically plead the existence of an unconstitutional policy" to survive a motion to dismiss. 388 F.3d 588, 591 (8th Cir. 2004). But the court in Crumpley-Patterson went on to confirm that a complaint must, at minimum, allege facts which would support the existence of an unconstitutional policy. Id. Crump does

5

not identify any facts in his Complaint by which I could begin to infer that the conduct complained of resulted from an unconstitutional policy. As a result, Crump has failed to state a municipal liability claim on a theory of official policy.

**Municipal Custom**

A municipal custom can be shown through evidence of a "'continuing, widespread, persistent pattern of unconstitutional misconduct.'" <u>Jenkins v. Cnty. of Hennepin, Minn.</u>, 557 F.3d 628, 634 (8th Cir. 2009) (quoting <u>Mettler</u>, 165 F.3d at 1204). "A plaintiff must also show either that policymakers were deliberately indifferent to the misconduct or that they tacitly authorized it." <u>Id.</u> "Generally, an isolated incident of alleged police misconduct . . . cannot, as a matter of law, establish a municipal policy or custom creating liability under § 1983." <u>Ulrich v. Pope Cnty.</u>, 715 F.3d 1054, 1061 (8th Cir. 2013). Crump alleges that the Board Defendants knew or should have known of a number of widespread, unconstitutional customs and practices of SLMPD officers. He alleges that their failure to act to stop those practices amounted to tacit authorization or ratification of this misconduct, or, alternatively, deliberate indifference.

Crump's First Amended Complaint lacks *any* factual allegations that would allow for a reasonable inference that the SLMPD engaged in a widespread pattern of unconstitutional conduct of which the Board Defendants knew or should have known. Instead, Crump only pleads the facts related to his injury and then asserts

6

that the types of actions taken against him were "customs" or "practices" occurring on a widespread basis, which the Board Defendants tacitly authorized or were deliberately indifferent to. At this stage, Crump is not required to provide evidence detailing a pattern of unconstitutional conduct, but to state a plausible claim, he does have to provide more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." See Iqbal, 556 U.S. at 678. He has failed to satisfy this minimum standard.

Crump seemingly acknowledges this deficiency in his Complaint, yet argues his claim should not be dismissed because the Defendants have sole possession of the information he needs to more specifically describe the policies and customs at issue and Defendants' knowledge as to these customs and practices. But the issue at this stage is not that Crump cannot provide this level of detail or proof. The issue is that Crump has not alleged any facts that suggest he has a reasonable basis to believe that what happened to him was more than an isolated incident.[2] See Iqbal, 556 U.S. at 678–79 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). As a result, Crump has failed to state a claim against the Board Defendants on a municipal custom theory.

---

[2] I note that when Crump filed his First Amended Complaint in December 2015, the case had already been ongoing for over a year and discovery was well underway.

**Failure to Train or Supervise**

Crump also argues he has stated a claim for deliberately indifferent failure to train or supervise. "A municipality may be liable under § 1983 for failure to train where (1) the municipality's training practices were inadequate; (2) the municipality was deliberately indifferent to the constitutional rights of others, such that the 'failure to train reflects a "deliberate" or "conscious" choice' by the municipality; and (3) an alleged deficiency in the training procedures actually caused the plaintiff's constitutional injury." Rodgers v. Knight, 781 F.3d 932, 942 (8th Cir. 2015) (citing City of Canton, 489 U.S. at 388–91); see also Liebe v. Norton, 157 F.3d 574, 579 (8th Cir. 1998) (explaining that failure to supervise is also governed by the deliberate indifference standard). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train," though the Supreme Court has left open the possibility that "the unconstitutional consequences of failing to train could be so patently obvious that a city could be liable under § 1983 without proof of a pre-existing pattern of violations." Connick v. Thompson, 563 U.S. 51, 62, 64 (2011) (quoting Board of Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 409 (1997)).

Crump argues that his allegations that the Board was "responsible for the training and supervision of the SLMPD officers" and that "the Defendants were

members of the Board and responsible for supervising SLMDP [sic] officers" alone "are sufficient to allege notice to the Board of the misconduct and training deficiencies of its SLMPD officers." Doc. 130, at 13. Mere assertions that the Board Defendants were responsible for training and supervising SLMPD officers do not begin to allow me to draw the reasonable inference that the Board Defendants may be liable for failing to properly train or supervise SLMPD officers. I also cannot begin to draw this inference from allegations of an isolated incident of misconduct with only general, conclusory assertions that the Board Defendants failed to properly train or supervise SLMPD officers. As a result, Crump has failed to state a claim on this theory.

## DOTSON

Dotson argues that Crump fails to sufficiently allege that he violated Crump's clearly established rights through his own individual conduct and that he is entitled to qualified immunity. See Hager, 735 F.3d at 1013 ("Under the doctrine of qualified immunity, a court must dismiss a complaint against a government official in his individual capacity that fails to state a claim for violation of 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982))). "'Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the

official's own individual actions, has violated the Constitution.'" Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (quoting Iqbal, 556 U.S. at 676). "[A] supervising officer can be liable for an inferior officer's constitutional violation only 'if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation.'" Id. (quoting Otey v. Marshall, 121 F.3d 1150, 1155 (8th Cir. 1997)).

Crump does not allege that Dotson directly participated in the constitutional deprivations he alleges he suffered at the hands of Dotson's subordinates.[3] To state a claim against Dotson in his supervisory capacity for failure to adequately investigate or act upon reports of misconduct, Crump must plausibly allege that Dotson "(1) had 'notice of a pattern of unconstitutional acts committed by subordinates'; (2) was deliberately indifferent to or tacitly authorized those acts; and (3) failed to take 'sufficient remedial action'; (4) proximately causing injury to [plaintiff]." Livers v. Schenck, 700 F.3d 340, 356 (8th Cir. 2012) (quoting Andrews v. Fowler, 98 F.3d 1069, 1078 (8th Cir. 1996)). A claim for failure to train or supervise must plausibly allege that the supervisor "had notice that the

---

[3] Crump argues he has alleged Dotson's direct participation in his constitutional deprivations. Crump does not allege, though, that Dotson was involved in the exercise of excessive force against him, his unlawful arrest and detention, or the conspiracy to violate his civil rights. Rather, Crump only alleges that Dotson received notice of Boester and Schaffer's actions but failed to properly investigate or discipline them. Dotson's alleged failure to properly respond to one episode of misconduct after the fact does not constitute direct participation in the violations Crump alleges.

training procedures and supervision were inadequate and likely to result in a constitutional violation." Fowler, 98 F.3d at 1078.

Crump's First Amended Complaint lacks *any* factual allegations from which I could begin to infer that Dotson had notice of a pattern of unconstitutional acts committed by subordinates or otherwise had notice that the SLMPD's training procedures and his supervision were inadequate and likely to result in a constitutional violation. Again, Crump's conclusory assertions that the actions taken against him were occurring on a widespread basis, without any factual allegations to support these assertions, do not suffice. As a result, Crump has failed to state a claim against Dotson.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Samuel Dotson III's Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim [104] is **GRANTED**.

**IT IS FURTHER ORDERED** that Board Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [108] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 25th day of April, 2016.